**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Mustafa Ahmed MOHAMED,**
**Defendant–Appellant.**

**No. 15–1621.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 16, 2015.

Filed: Dec. 14, 2015.

Rivers Law Firm, P.A., Minneapolis, MN, for appellant.

Bradley M. Endicott, Asst. U.S Atty., St. Paul, MN (Andrew M. Luger, U.S Atty., Minneapolis, MN, on the brief), for appellee.

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

PER CURIAM.

Mustafa Mohamed appeals from the sentence imposed by the District Court[1] after he pleaded guilty to being a felon in

possession of ammunition and a firearm. His counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the sentence was unreasonable. We denied counsel's withdrawal motion and ordered supplemental briefing addressing whether, in light of *Johnson v. United States*, ——— U.S. ———, 135 S.Ct. 2551, 2557, 192 L.Ed.2d 569 (2015) (holding that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague), the District Court committed error by applying a sentencing enhancement under the United States Sentencing Guidelines based on Mohamed's prior burglary convictions.

Upon reviewing the supplemental briefs, we conclude that the District Court did not commit procedural error. *See United States v. Stymiest*, 581 F.3d 759, 767 (8th Cir.2009) (de novo review), *cert. denied*, 559 U.S. 1055, 130 S.Ct. 2364, 176 L.Ed.2d 573 (2010). Specifically, the court properly enhanced Mohamed's sentence based on prior convictions for first degree burglary of a residence, Minn.Stat. § 609.582, subd. 1(c), and third degree burglary of a commercial building, Minn.Stat. § 609.582, subd. 3. *See* U.S.S.G. § 2K2.1(a)(2) and comment. (n.1) (stating that the Guidelines base offense level is 24 if the defendant committed the instant offense after sustaining two or more felony convictions of, inter alia, a crime of violence and cross-referencing U.S.S.G. § 4B1.2 (career-offender provision)). As to the first degree burglary conviction, burglary of a dwelling is specifically included in the language of the career-offender provision as a "crime of violence." *See* U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling"). Further, this Court has held that burglary of a commercial building qualifies as a crime of violence under the same provision, without relying on the residual clause. *See Stymiest*, 581 F.3d at 767, 769 (setting out alternative holdings that defendant's sentence was properly enhanced under § 4B1.2(a) because third-degree burglary of an unoccupied structure met the generic definition of burglary and "because the 'of a dwelling' limitation in § 4B1.2(a)(2) was invalidated by the Supreme Court's decision in *Taylor [v. United States*, 495 U.S. 575, 597, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) ]"); *United States v. Bell*, 445 F.3d 1086, 1090 (8th Cir.2006).

As to the contentions in counsel's *Anders* brief, we conclude that the within-Guidelines sentence was not substantively unreasonable. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (noting that a district court abuses its discretion and imposes a substantively unreasonable sentence if the court fails to consider a relevant factor, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the relevant factors); *United States v. Cook*, 698 F.3d 667, 670 (8th Cir.2012) (treating a within-Guidelines sentence as presumptively reasonable).

Accordingly, the judgment is affirmed. We deny as moot Mohamed's motion for new counsel.